UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                             Case No. 21-cr-49-pp

JAQUELL L. JONES,

        Defendant.

---

**ORDER DENYING DEFENDANT'S PETITION REQUESTING DAY FURLOUGH FOR FUNERAL (DKT. NO. 28)**

---

On March 2, 2021, the grand jury returned a three-count indictment against Jaquell L. Jones, charging him with one count of being a prohibited person in possession of a firearm (a Taurus 9mm pistol); one count of possessing heroin and cocaine with intent to distribute; and one count of knowingly possessing a firearm in furtherance of a drug trafficking offense. Dkt. No. 1. The charges arose from events that occurred on August 2, 2020. Id.

The pretrial services office prepared a report ahead of Mr. Jones's first appearance in court. Dkt. No. 2. The report indicated that at the time it was prepared (a year ago), Mr. Jones was twenty-eight years old. Id. at 1. He reported that he had "occasional" contact with his father and frequent contact with his mother, who at the time lived in Texas. Id. Mr. Jones has lived in Milwaukee all his life (although his mother indicated that he'd briefly lived in Texas as a child) and was living with his uncle at the time of his arrest. Id. Mr. Jones's uncle told pretrial services that Mr. Jones could live with him if

1

released on bond, but said that he would not allow pretrial services into his house and that pretrial services would need to follow his rules. Id. The report indicated that Mr. Jones is single, with four minor children. Id. at 2. Mr. Jones was enrolled at MATC for real estate management, and reported being self-employed at his own cleaning business, which he'd started about six months earlier. Id. He reported monthly positive cash flow of over $2,500. Id. at 3.

Mr. Jones reported a history of drug use, including daily use of cocaine and heroin up to two years before his arrest and daily use of prescription opiates up to a year prior to his arrest. Id. The bond study revealed a series of arrests dating back to 2010, when Mr. Jones was sixteen; at least four of those arrests involved drugs. Id. at 4. Mr. Jones first was convicted in March 2014, at the age of 20, of possession of controlled substances; he was sentenced to eighteen months in prison. Id. A month later, he was convicted of possession with intent to distribute heroin; a charge of felony bail jumping was dismissed but read in. Id. Mr. Jones had a misdemeanor conviction for driving with a suspended license that same year, for which he received a sentence of probation. Two years later, Mr. Jones was convicted of felony possession of cocaine, felony possession of controlled substances (second or subsequent offense) and a felony probation violation. He was sentenced to eight months in the House of Correction. Id. at 5. In 2018, Mr. Jones had other drug-related arrests (which were either no-processed or dismissed), and in May 2020, Mr. Jones was charged with felony possession with intent to distribute cocaine, vehicular fleeing and eluding and 2nd degree recklessly endangering safety. Id.

That case was dismissed when the state court was notified that Mr. Jones had been charged federally in this case. State v. Jones, 2022CF001950 (Milwaukee County Circuit Court), available at https://wcca.wicourts.gov. In August 2020, Mr. Jones was charged with being a prohibited person in possession of a firearm, felony bail jumping, felony possession with intent to distribute heroin and misdemeanor possession of cocaine. Id. at 5. That case appears to have arisen from the same facts as this federal indictment and has been dismissed. Dkt. No. 2 at 6. Pretrial Services recommended detention both because Mr. Jones posed a risk of flight and because he posed a danger to the community. Id. at 6.

Mr. Jones was arrested on June 27, 2022, and at his initial appearance the same day, Magistrate Judge Stephen C. Dries advised Mr. Jones that he faced maximum penalties of ten years on Count One, twenty years on Count Two and life on Count Three, and that Count Three carried a mandatory minimum sentence of five years. Dkt. No. 3 at 1. Magistrate Judge William E. Duffin ordered Mr. Jones detained pending trial. Dkt. No. 5.

On November 3, 2022—after he'd been in custody for a little over four months—Mr. Jones filed a motion to reopen the detention hearing. Dkt. No. 18. Mr. Jones reported that his mother was willing to post some cash bail and to allow Mr. Jones to live with her. Id. at 2. He emphasized that he did not have a history of violence and that he had an employment history. Id. He expressed willingness to abide by a curfew or location monitoring conditions. Id.

On November 9, 2022, Judge Duffin held a hearing on the motion. Dkt. No. 19. The government proffered the following facts:

> In August 2020 defendant was walking past a gas station where Milwaukee Police were investigating an incident. Defendant walked past them into the gas station. Milwaukee Police observed a black and gray firearm on his hip. When defendant came out of the gas station the Police asked him what happened to the gun and defendant said he didn't' have one just the empty holster. One police officer stayed with defendant and the other went into the gas station and found the gun on the shelve [sic] and car keys on another shelve [sic]. Surveillance video shows defendant placing these items on the shelve [sic] and also exiting the car that the car keys belonged to. They looked into the window of the car and saw an open bottle of wine and then conducted an inventory search where they found 8 cell phones, notebook with names, baggies and drugs. Defendant denied knowledge what was in the vehicle. This is the current case in federal court.

Id. at 1. The government emphasized that in an incident in May 2022, Mr. Jones had fled police at over 100 miles per hour; when caught, police had found cash and drugs in the car. Id. The government also argued that between the time he was federally indicted and arrested, the defendant had continued to deal drugs and evade law enforcement. Id.

Mr. Jones argued that the fact that he had sold drugs did not make him a danger to the community and that some of his prior drug convictions were for possession, not dealing. Id. Defense counsel told the court that the state had dismissed its charges related to the August 2, 2020 conduct in March 2021; Mr. Jones had been released and had lived at the same residence until his arrest in June 2022. Id. at 2. Counsel asserted that Mr. Jones had not been running and wasn't a fugitive; his mother was in court for the hearing, and she ran two businesses where Mr. Jones could help out. Id. Counsel explained that

4

Mr. Jones's parents had posted significant cash bail in state court, and opined that Mr. Jones had been on minimal state supervision and had had no positive drug screens. Id. Finally, counsel advised the court that while Mr. Jones's mother had been living in Texas, she was "now living in Milwaukee for the last month." Id.

Judge Duffin found that the government had proved by a preponderance of the evidence that there were no conditions or combination of conditions that would reasonably assure Mr. Jones's appearance or the safety of the community and ordered him detained pending trial. Id.

In the seven months since Judge Duffin ordered Mr. Jones detained, the parties have filed four status reports. Dkt. Nos. 20, 22, 24 and 26. In each report, the parties have advised the court that they have been actively discussing resolution short of trial.

On June 5, 2023, the court received from Mr. Jones the instant motion. Dkt. No. 28. The motion indicates that Mr. Jones's father passed away unexpectedly and at a relatively young age. Id. at 2. Mr. Jones asks the court to order him furloughed for one day—Saturday, June 10, 2023—to attend his father's funeral at the Serenity Funeral Home on West Fond du Lac Avenue in Milwaukee. Id. at 1.[1] Mr. Jones indicates that he would like to have the opportunity to attend the service to say his goodbyes and mourn with his family, to obtain closure. Id. at 2.

---

[1] The Serenity web site confirms that there is a visitation and funeral service planned for June 10, 2023, and that Mr. Jones's father passed away on May 29, 2023.  https://serenityinfo.com/tribute/all-services/index.html.

The government, while extending its condolences to Mr. Jones and his loved ones, objects to the requested furlough. Dkt. No. 29. The government emphasizes the nature of the charged offenses, Mr. Jones's prior history (which includes incidents of bail jumping, reflecting either failure to appear or failure to comply with conditions of release), the probation office's recommendation of detention and Judge Duffin's denial of Mr. Jones's request to be released on bond. Id. at 1-2. The government reports that the probation office continues to recommend detention as of June 5, 2023. Id. at 3. The government also reports that recently the United States Marshals Service has approved some defendants participating in funeral services via Zoom from their detention facilities. Id. at 2.

The court extends its condolences to Mr. Jones, and to his family, for the loss of his father. Losing a parent means losing a part of one's self; it's hard enough when one is able to be present, but even more difficult when one cannot be. The court regrets that Mr. Jones and his family are suffering this loss and can understand his desire to be present, both to gain closure for himself and to be present for his family members. But the court cannot grant Mr. Jones's request for a furlough. To be clear, the court is not saying that the *law* prohibits it from granting the request. What the courts means is that given all the circumstances, it is unable to conclude that it is appropriate to grant Mr. Jones a furlough. The charges against Mr. Jones are serious; Count Three alone subjects him to a mandatory minimum sentence of five years in custody. If Mr. Jones is convicted on that count, this court will have no choice but to

6

Case 2:21-cr-00049-PP   Filed 06/07/23   Page 6 of 8   Document 30

sentence him to at least five years in custody. Mr. Jones has a past history of drug-related offenses. He has a past history of committing offenses while on supervision, and he has at least one conviction that involved a high-speed flight from law enforcement. The government has alleged that he was not truthful with law enforcement about his possession of the gun that led to the federal charges. Mr. Jones has ties in the Eastern District—he has lived here most all his life, his mother has lived here for several months and he has children here. Mr. Jones has indicated that he was working here before his arrest (albeit for himself). But given the significant potential sentence he faces and the fact that he has a past history of failing to comply with conditions imposed on him during release, Mr. Jones has strong disincentives against returning to jail if released.

The government has proposed a possible alternative—that Mr. Jones attend the services by videoconference. The court understands that this is not ideal; if he attends by video, Mr. Jones cannot hug his loved ones, or spend time with them at the visitation, or participate in a meal after services are over. He likely will not be able to say the private, personal goodbye to his father that he would want to say. But this option would give Mr. Jones an opportunity to obtain some measure of closure, and to tell his grieving family that he is with them in spirit and that he loves them. It is an option that addresses the government's concerns, Judge Duffin's concerns and the court's, while still recognizing the pain and loss Mr. Jones is experiencing. If Mr. Jones is interested in attending the funeral via video, the court urges him and his

counsel to contact the U.S. Marshals Service as soon as possible to make arrangements.

The court **DENIES** Mr. Jones's petition requesting day furlough for funeral. Dkt. No. 28.

Dated in Milwaukee, Wisconsin this 7th day of June, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**